IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN C. BASIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 12-315E |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying in part Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on February 18, 2010, alleging he had been disabled since February 1, 2010. (ECF Nos. 7-5, pp. 2-3). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on June 28, 2011. (ECF No. 7-2, pp. 36-61). On July 21, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 11-23). After exhausting all administrative remedies, Plaintiff filed this action.

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 18). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Duty to order consultative exertional examination

Plaintiff argues that the ALJ erred in failing to order a consultative exertional examination of Plaintiff. (ECF No. 12, pp. 9-10). Specifically, Plaintiff states that "[t]here is no medical opinion, either treating, consulting or state agency, competent in nature, functionally translating Basil's exertional and non-exertional physical complaints." *Id.* at 9. As a result, Plaintiff submits that the ALJ had a duty to order a consultative examination to answer these questions because, as Plaintiff believes, "the ALJ is not competent to fashion his own residual functional capacity." *Id.* at 10.

The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant

3

establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a).

Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. I find no conflicts or ambiguities in the medical records that would have necessitated a consultative examination. All of Plaintiff's physical examinations were generally normal. (ECF No. 7-8, pp. 2-43; 7-10, pp. 2-50; 7-11, pp. 2-46; 7-15, pp. 20-31). As noted by the ALJ, Plaintiff has not been recommended or undergone back surgery, he has not participated in physical therapy, he has not received epidural steroid injections or any other similar treatment. (ECF No. 7-2, p. 19). Based on the above, I find that ALJ was able to make a proper disability determination and was not required to obtain a consultative exertional examination. Thus, I find no error in this regard.

### C. Whether the ALJ erred in rejecting opinions of a psychologist from Beacon Light Behavioral Health and Dr. Craig, the consulting mental health doctor

In essence, Plaintiff seems to argue next that the ALJ erred in rejecting the opinions of Dr. Craig, the consulting mental health doctor, and a psychologist from Beacon Light Behavioral Health. (ECF No. 12, pp. 10-12). The amount of weight accorded to a physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating

physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010). Moreover, "[t]he law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown v. Astrue,* 649 F.3d 193, 197 n. 2 (3d Cir. 2011). State agent opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

Here, Plaintiff argues that the ALJ erred in giving weight to Dr. Bank's opinion, a state agency non-examining consultant, because Dr. Bank's opinion "rel[ied] upon [her] stated supposition that Dr. Craig only relied upon [Plaintiff's] subjective complaints." (ECF No. 12, p. 10). After a review of the record, I disagree with Plaintiff. Nowhere in Dr. Banks' report does it state that Dr. Craig's report is based only upon Plaintiff's subjective complaints. (ECF No. 7-9, pp. 41-58). Furthermore, upon review of the ALJ's decision, the ALJ did not give Dr. Craig's findings little weight <u>only</u> because he found Dr. Craig's findings to be based on Plaintiff's subjective complaints either. (ECF No. 7-2, p. 20). Rather, the ALJ gave Dr. Craig's findings little weight for the following additional reasons: the findings of marked and extreme restrictions are inconsistent with Plaintiff's assessed GAF score of 52 given by Dr. Craig; his findings are inconsistent with Plaintiff's numerous activities of daily living; his findings are not supported by the evidence and are inconsistent with the record as a whole. *Id.* Given the same, I find no merit to Plaintiff's argument in this regard.

In his next two-sentence paragraph, Plaintiff appears to argue that the ALJ erred in relying on Dr. Banks' opinions because Dr. Banks "did not have access to one additional year of treatment records from Beacon." (ECF No. 12, p. 10). An ALJ is entitled to rely upon the

5

findings of the state agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2012). Consequently, I find no merit to this argument.

Plaintiff also argues that the ALJ had a duty to discuss Plaintiff's GAF scores from Dr. Craig and from Beacon. (ECF No. 12, p. 11). A review of the record reveals that the ALJ did discuss Plaintiff's GAF scores. (ECF No. 7-2, pp. 18-20). An ALJ may properly accept some parts of the medical evidence and reject other parts as long as (s)he sets forth the reasons for discounting the evidence (s)he rejects. Here, the ALJ sufficiently discussed Plaintiff's GAF scores and his reasons for rejecting Plaintiff's assessed GAF score of 35-40 rendered by a Beacon psychologist. (ECF No. 7-2, p. 20). Thus, I find no merit to this argument either.

Plaintiff also appears to argue that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 12, p. 10). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

Finally, Plaintiff states "Beacon's records categorically support [the] functional limitations and [Plaintiff's] disability." (ECF No. 12, p. 11). He continues in that paragraph to state that the limitations are documented in the record. *Id.* The standard, however, is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding, as the Plaintiff recognizes in his topic heading. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, I find no merit to this point.

## D. Post-decision evidence

Plaintiff essentially argues that the case should be remanded based on a post-decision functional capacity evaluation ("FCE") dated July 27, 2011, that he submitted to the Appeals Council. (ECF No. 12, p. 12). The Third Circuit has held that for remand to be appropriate the evidence must be new and material and there must be good cause for not incorporating the evidence previously. *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Importantly, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Id., citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). In this case, the time period at issue is February 1, 2010, his alleged onset date of disability, through July 21, 2011, the date of the ALJ's decision. The FCE at issue is dated July 27, 2011 and, thus, post-dates the ALJ's decision by one week. Furthermore, a review of the two-page FCE reveals it relates only to Plaintiff's current work ability. *See,* ECF No. 7-15, p. 43). For example, the FCE indicates that the examination and testing were performed on July 27, 2011, and the occupational therapist finding was based on that date. *Id.* ("At this time patient demonstrates the ability to complete...."). The occupational therapist did not relate her findings back to the period before the ALJ's decision. Additionally, I find Plaintiff fails to submit good cause why he did not seek to obtain this evidence prior to the decision of the ALJ. As a result, the Plaintiff's "new and material evidence" does not provide a basis for remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN C. BASIL,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　)　　Civil Action No.　12-315E
　　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,[2]　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 6th day of March, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied in part and Defendant's Motion for Summary Judgment (Docket No. 18) is granted.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[2] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.